**COURTER v. PRUDENTIAL INS. CO. OF AMERICA.**

**No. 1480–R.**

District Court, N. D. California, N. D.

Sept. 13, 1940.

Anthony J. Kennedy and Robt. M. Holstein, both of Sacramento, Cal., for plaintiff.

Knight, Boland & Riordan and Richard M. Sims, all of San Francisco, Cal., for defendant.

ROCHE, District Judge.

Plaintiff, beneficiary on certain insurance policies, brings this action against defendant Prudential Insurance Company of America (hereafter called the Company), to recover in the alternative on certain life policies. In a previous court case tried in 1939, plaintiff obtained a judgment for $5,000 plus interest. On defendant's motion, this judgment was set aside and a new trial was granted. The case is now submitted on the record of the second trial.

The complaint presents several distinct grounds of recovery; but plaintiff has directed proof toward the establishment of the $5,000 policy upon which a judgment was obtained at the first trial. The question for decision is the enforceability of this policy.

Suit is based upon the following facts: In 1931 plaintiff's husband took out a $1,500 insurance policy with the Company. The policy named plaintiff as beneficiary. During 1935 and 1936, an agent named Johnson made monthly collections of $4.26 from plaintiff, who paid the premiums. On several occasions Johnson discussed the taking out of additional insurance with plaintiff and insured. As a result of these solicitations, insured applied for a new policy of $5,000 on March 9, 1936. Plaintiff, who handled family finances, indicated that the new policy would probably be taken in place of the old because her husband could not afford premium payments on two policies.

On March 9th, when the application for the new policy was made out, plaintiff informed Johnson that she would not be able to pay the full first quarter premium at that time. The evidence is conflicting as to plaintiff's conversation with Johnson in regard to the payment of the $21 due. Plaintiff testified that Johnson assured her that she would be given ninety days in which to complete payments, and that the old policy would not be taken up for surrender—if plaintiff should decide not to carry two policies—until the new policy had become effective. Johnson declared that he made an informal arrangement with plaintiff for installment collections of money due, but that he informed plaintiff that the new policy would not become effective until the full first premium was paid as required by the insurance contract.

On the date that the disputed conversations took place plaintiff paid $2.50 to Johnson, who sent this sum with the application on the new policy to the Company. In answer to the question, "Is the insurance applied for intended to replace any policy which has been or will be discontinued in this or any other company?", insured wrote "no". But on the following day, when insured had a medical examination and filled out an application for this purpose, he answered the same question, "Yes, turning in old policy". The change in response suggests that plaintiff and her husband finally made up their minds that

562

they could afford but a single policy, which was to be the new $5,000 policy.

When the Company received insured's application, they returned a new form to him. This was done because of insured's occupation as a fireman and because of his failure to answer a question on aviation. Meanwhile, on March 24th and before the Company had approved the new .form, plaintiff paid the regular premium on the $1,500 policy. On March 31st insured filled out the second application for the $5,000 policy and mailed it to the Company, which issued a policy for this amount on April 8th. The Company mailed the new policy to the local Sacramento office, which turned it over to Johnson. Shortly thereafter, Johnson showed the policy to insured and his wife for inspection. They indicated their satisfaction with it, and thenceforth Johnson kept it in his possession.

On April 25th plaintiff paid the further sum of $5 toward the first premium on the new policy. Johnson kept this money for plaintiff, as an installment payment. At this time plaintiff and her husband stated to Johnson that they wished to turn in the $1,500 policy and apply the cash value (which turned out to be $2.58), toward the new policy. Accordingly, on May 5th Johnson went to insured and his wife for the $1,500 policy, which they turned ·over to him for surrender. The surrender application, signed by local Company officers, declared: "Every effort has been made to keep policy in force $5,000 modified 5 has been issued". This statement indicates that Johnson and the officers tried to keep the old policy in force; it does not mean that the Company intended to protect the insured at all times.

Some two weeks after the $1,500 policy had been surrendered and cancelled (and was no longer in effect), plaintiff's husband injured his back. This accident made him ineligible for the $5,000 policy—unless it was already in effect at the time the injury occurred. A clause in the insurance contract made a change in health, before the full payment of the first premium, a condition precluding the applicant from becoming insured. On two dates in May after the accident, Johnson made installment collections of $5 and $2.50, respectively—but without knowledge of insured's condition—and on June 8th plaintiff tendered a final payment of $6, which Johnson refused because of the change in health of insured. Eight days later insured died. Plaintiff then presented her claim to the Company, which denied liability under the insurance contract upon which this suit is based.

In order to establish grounds for recovery, plaintiff has alleged that the $5,000 policy which was issued on April 8th became effective by the act of cancellation of the old policy on May 5th. This allegation requires the court to ignore the terms in the policy itself. These terms are as follows: the policy is not to go into effect until the full first premium is paid; a change in health of the insured precludes him from making payments on the first premium; the conditions contained in the policy cannot be modified except by certain named officials of the Company. The .facts of the case are: Plaintiff had not paid the full first premium at the time of her husband's injury; Johnson accepted payments of $5 and $2.50 after the date of injury, but without knowledge of insured's condition, and refused a final tender of $6 on the first premium upon learning of the injury to plaintiff's husband; Johnson had no authority to modify, and denies that he did modify, the terms of the contract. In the absence of a waiver of these terms or an estoppel against the Company, plaintiff cannot recover. The record fails to disclose a waiver or an estoppel.

Plaintiff has testified that Johnson· assured her that the new policy would become effective when the old was surrendered and cancelled. Johnson, who lacked authority to give such an assurance, has denied making it. Plaintiff has contended that payment of the March premium on the old policy, while negotiations on the new were pending, is proof of her desire to remain insured. Such a payment, taken with the subsequent surrender of the old policy after the Company had issued the new, is evidence of plaintiff's intention to be protected; but it is not sufficient proof to enable the· court to find that the Company, by its act of cancellation of the old policy at plaintiff's request, thereby waived the terms of the contract. Furthermore, Johnson testified that plaintiff was fully informed as to the terms of the contract; that she understood that the policy would not become effective until the full first premium was paid (Tr.39); but that she was satisfied that nothing would happen to her husband during the interval be-

tween the cancellation of the old policy and the completion of payments on the first premium of the new policy. He further testified that after her husband's death, plaintiff declared that she did not blame Johnson for what had happened (Tr.45). Such a declaration indicates that plaintiff knew she was not covered. The evidence in the record does not justify the court in sustaining plaintiff's contentions.

█ The law is clear that an insurance policy, with terms similar to those in the policy before the court, is not effective until the full first premium has been paid. Winslow v. Mutual Life Ins. Co. of New York, 9 Cir., 1938, 93 F.2d 802; Toth v. Metropolitan Life Ins. Co., 1932, 123 Cal. App. 185, 11 P.2d 94. Plaintiff had not paid the full first premium at the time of her husband's injury and subsequent death. Therefore she cannot recover.

Judgment must be entered in favor of defendant Company, upon preparation of findings of fact and conclusions of law. Each side will bear its own costs.